PER CURIAM.
This is the second appeal of disciplinary action taken against Elizabeth Doyle, a special agent with the Division of Alcoholic Beverages and Tobacco, a division of the Department of Business and Professional Regulation. Originally Doyle was dismissed from her position, arising out of charges of failure to provide truthful information to an investigator, use of abusive or vulgar language, and unbecoming conduct. Doyle appealed her dismissal, and this court found there was insufficient evidence that she lied during the investigation. Doyle v. Department of Business and Professional Regulation, 713 So.2d 1040 (Fla. 1st DCA 1998). There was, however, sufficient evidence that vulgar and abusive language commonly existed in the workplace. This court remanded the case to the hearing officer expressly to determine whether Doyle was entitled to the defense of condonation on the unbecoming conduct charges. Id. at 1046.
After remand, the Public Employees Relations Commission (“PERC”) reviewed the hearing officer’s Second Supplemental Recommended Order. In its Final Order, PERC found that Doyle sufficiently raised the condonation defense in the proceedings before the hearing officer. The issue on remand, therefore, was whether Doyle presented sufficient evidence that the Agency condoned her unbecoming conduct. We agree with PERC’s affirmance of the hearing officer’s finding of competent, substantial evidence that Doyle made inappropriate comments to a trainee, not condoned by the Agency, and this behavior provided just cause for a one-week suspension. We also agree with PERC that the condonation defense was not waived on the other three charges, and Doyle presented competent, substantial evidence that the Agency condoned that behavior. Numerous incidents of inappropriate behavior and language occurred among Agency employees. The Agency did not establish that it had disciplined or otherwise warned its employees that other violations would result in discipline, which would have constituted just cause to discipline Appellee. Rayl v. Department of Corrections, 11 FCSR ¶ 214 (1996).
We also affirm PERC’s finding that Doyle is entitled to an award of back pay and benefits under section 447.208(3)(e), Fla. Stat. (1997), as articulated in the Final Order. Likewise, we affirm PERC’s find *748 ing that Doyle and her attorneys are entitled to an award of reasonable attorney’s fees and costs incurred in the administrative proceedings below, to be determined as instructed in the Final Order. § 447.208(3)(e). See Kulhari v. Department of Transportation, 8 FCSR ¶ 218 at 771-772 (1993); Thompson v. Department of Health and Rehabilitative Services, 8 FCSR ¶ 198 (1993).
Accordingly, we AFFIRM the Final Order of the Public Employees Relations Commission and REMAND for Doyle’s reinstatement and a determination of back pay and attorney’s fees and costs, as provided for in the final order.
BOOTH and KAHN, JJ., CONCUR; MINER, J., SPECIALLY CONCURS WITH OPINION.